David Yan (DY2343)
Law Offices of David Yan
136-20 38th Avenue, Suite 11E
Flushing, NY 11354
Tel.:  (718) 888-7788

*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

**YUNSHENG LI, on behalf of himself and**
**others similarly situated,**

Plaintiffs,

v.

**SHANYOU CHEN, WAI ZHONG HUANG,**
**WILD GINGER, and XYZ CORPORATION d/b/a**
**WILD GINGER,**

Defendants.

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

Case No.: 1:14-cv-07838-ER-GWG
Date Filed:  August 26, 2014
Judge Edgardo Ramos

**COMPLAINT**
**FLSA COLLECTIVE ACTION**

ECF

JURY TRIAL DEMANDED

Plaintiff, YUNSHENG LI, on behalf of himself and others similarly situated employees (hereinafter referred to collectively as "**Plaintiffs**"), *by and through their undersigned counsel*, DAVID YAN, ESQUIRE, file this Complaint against defendants, SHANYOU CHEN, WAI ZHONG HUANG, WILD GINGER, and XYZ CORPORATION WHOSE NAME IS UNKNOWN AT THIS TIME d/b/a WILD GINGER ("WILD GINGER") (hereinafter sometimes referred to collectively as "**Defendants**"), and state as follows:

1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants:  (1) unpaid minimum wages, (2) unpaid overtime wages, (3) unpaid "spread of hours", (4) failure to pay the cost of purchasing and maintaining required delivery bicycles, (5) liquidated damages, (6) prejudgment and post-judgment interest, and (7) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), the Wage Theft Prevention Act, and the orders of the New York Commissioner of Labor ("spread of hours order" and "overtime wage order" respectively codified at 12 N.Y.C.R.R. §§ 142-2.2, 2.4), he is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) unpaid "spread of hours", (4) failure to pay the cost of purchasing and maintaining required delivery bicycles, (5) liquidated damages and/or civil penalties, (6) prejudgment and post-judgment interest, and (7) attorneys' fees and costs.

3.      Plaintiff now brings this action on behalf of himself and other similarly situated individuals for the relief stated above.

4.      Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over the Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343.

6.      This Court has supplemental jurisdiction over the Plaintiff's New York state law claims pursuant to 28 U.S.C. § 1367(a), as they are so related in this action within such original federal question jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391(b) because Defendants conduct businesses in this judicial District, and a substantial parts of the acts and/or omissions giving rise to the claims herein alleged occurred in this judicial District.

8.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

### Plaintiffs

9.      Plaintiff is former employees of Defendants, SHANYOU CHEN, WAI ZHONG HUANG, WILD GINGER, and XYZ CORPORATION WHOSE NAME IS UNKNOWN AT THIS TIME d/b/a WILD GINGER ("WILD GINGER") located at 226 East 51st Street, New York, New York 10022 (the "Defendants").

10.     Throughout the course of their employment, Plaintiff regularly worked more than 51.50 hours each week for wages that fell below the legal minimum wage and without receiving the overtime premiums required by law.

11.     Plaintiff was employed as a delivery person by the Defendants at their WILD GINGER restaurant located at 226 East 51st Street, New York, New York 10022 from approximately September 10, 2012 until July 11, 2014.

### Defendants

12.     Upon information and belief, Defendant WILD GINGER restaurant has principal places of business located at 226 East 51st Street, New York, New York 10022.

13.     Upon information and belief, Defendant WILD GINGER restaurant incorporated into a domestic business corporation, XYZ CORPORATION WHOSE NAME IS UNKNOWN AT THIS TIME, organized and existing under the laws of the State of New York and located at 226 East 51st Street, New York, New York 10022.

14.     Upon information and belief, defendant SHANYOU CHEN is the owner and President and/or chief executive officer of defendant WILD GINGER, organized and existing

under XYZ CORPORATION WHOSE NAME IS UNKNOWN AT THIS TIME, owns controlling stock interests of defendant XYZ Corporation, has actively participated and continues to actively participate in the day-to-day operations of defendant WILD GINGER restaurant, has acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated hereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with defendant WILD GINGER.  Defendant SHANYOU CHEN is sued individually in his capacity as an employer.

15.     Upon information and belief, at all relevant times, defendant SHANYOU CHEN has the power to hire and fire Plaintiff who worked for defendant WILD GINGER, controls their terms and conditions of employment, maintain employment records and determine the rate and method of any compensation provided to Plaintiff.

16.     Upon information and belief, defendant WAI ZHONG HUANG is the owner and President and/or chief executive officer of defendant WILD GINGER, organized and existing under XYZ CORPORATION WHOSE NAME IS UNKNOWN AT THIS TIME, owns controlling stock interests of defendant XYZ Corporation, has actively participated and continues to actively participate in the day-to-day operations of defendant WILD GINGER restaurant, has acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated hereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with defendant WILD GINGER.   Defendant WAI ZHONG HUANG is sued individually in his capacity as an employer.

17.     Upon information and belief, at all relevant times, defendant WAI ZHONG HUANG has the power to hire and fire Plaintiff who worked for defendant WILD GINGER,

controls their terms and conditions of employment, maintain employment records and determine the rate and method of any compensation provided to Plaintiff.

18.     Upon information and belief, at all relevant times, the Defendants were, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that they (i) have had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise on goods or materials that have been moved in or produced for commerce by any person; and (ii) have had an annual gross volume of sales of not less than $500,000.00.

19.     Upon information and belief, at all relevant times, the work performed by Plaintiff was directly essential to the business operated by the Defendants.

20.     Upon information and belief, at all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the FLSA, New York Labor Law, and the Wage Theft Prevention Act of New York State.

21.     Upon information and belief, at all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime wages in direct contravention of the FLSA, New York Labor Law, and the Wage Theft Prevention Act of New York State.

22.     Plaintiff has satisfied all conditions precedent to the institution of this action and/or such conditions have been waived.

## COLLECTIVE ACTION ALLEGATIONS

23.     Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants since 2008 to the entry of judgment in this case (the "Collective Action Period"), and who where compensated at rates less than the statutory minimum wage or at rates

less than time and one-half for all hours worked in excess of forty (40) hours per work week (the "Collective Action Members").

24.     Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than ten (10) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because defendants have failed to provide the statutory required notices under the FLSA and the NYLL to them, these Collective Action Members lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matte should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

25.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

26.     This action should be certified as a collective action because the prosecution of separate action by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

27.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

28.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

29.     Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF FACTS

30.     Defendants, SHANYOU CHEN and WAI ZHONG HUANG own and operate WILD GINGER restaurant located at 226 East 51st Street, New York, New York 10022.

31.     The WILD GINGER restaurant serves food to customers on the premises and provide take-out and delivery service.

32.     The WILD GINGER restaurant is "restaurant" within the meaning of the New York Labor Law.

33.     Defendants, SHANYOU CHEN and WAI ZHONG HUANG, are individuals who, upon information and belief, own the stock of the WILD GINGER, own the WILD GINGER, exercise substantial control over the functions of the WILD GINGER, and manage and make all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work, supervise the work of the employees, and have authority to hire and fire employees.

34.     At all relevant times, upon information and belief, and during the course of the employment of the Plaintiff and the Collective Action Members, Defendants failed to maintain accurate and sufficient time records.

35.     At all relevant times, upon information and belief, and during the course of the employment of the Plaintiff and the Collective Action Members, Defendants knowingly and willfully manipulated time records.

36.     Plaintiff and Collective Action Members were each employed at the Defendants' WILD GINGER restaurant at various times over the last 6 years.

37.     Upon information and belief, at all times relevant to this action, Defendants were employers of Plaintiff and Collective Action Members within the meaning of the FLSA and New York Labor Law, 29 U.S.C. § 203(d); N.Y.Lab.Law §§ 2(6); 190(3); 651(6).

38.     Upon information and belief, at all times relevant to this action, Plaintiff and Collective Action Members have each been employed at the WILD GINGER and were Defendants' employees within the meaning of the FLSA and New York Labor Law.  29 U.S.C. § 203(e); N.Y. Lab. Law § 651(5).

39.     Plaintiff and Collective Action Members held the position of delivery person while employed by Defendants.  The Plaintiff and Collective Action Members' primary task was to deliver food from the restaurant premises to locations off the premises, such as customers' homes and places of business.  When not delivering food, Plaintiff and Collective Action Members were given secondary tasks such as preparing sauce packages, cutting and peeling vegetables and foods, distributing the WILD GINGER take-out menus on the streets in the neighborhoods surrounding the WILD GINGER, and washing windows glasses, cleaning tables and mopping the floor.

## Minimum Wage

40.     Both the FLSA and New York State Labor Law require that employees be paid a minimum wage.  29 U.S.C. § 206; N.Y.Lab. Law § 652.

41.     Plaintiff and Collective Action Members regularly worked for Defendants more than 51.50 hours each week during most or all of their employment.

42.     Plaintiff received wages of approximately $1,000.00 per month from Defendants, excluding tips, from approximately September 10, 2012 to July 11, 2014, excluding tips.

43.     At all times relevant to this action, Defendants did not have a time clock that recorded the exact amount of time Plaintiff and Collective Action Members worked.

44.     At all times relevant to this action, Defendants compensated many or all Plaintiff and Collective Action Members by paying them a monthly salary in 15-day intervals.

45.     At all times relevant to this action, many Plaintiff and Collective Action Members received their salary in cash.

46.     Defendants did not notify Plaintiff and Collective Action Members of the minimum wage provisions of the FLSA.

47.     Defendants did not notify Plaintiff and Collective Action Members of the FLSA tip credit provisions.  Defendants did not notify Plaintiff and Collective Action Members of Defendants' intention to claim a tip credit against their minimum wage obligations.  Therefore, Defendants were not legally entitled to claim a tip credit under the FLSA in order to meet their minimum wage obligations to Plaintiff and Collective Action Members.

48.     The monthly salary or the monthly salary paid in the time interval of every-two weeks by Defendants to Plaintiff and Collective Action Members were insufficient to satisfy Defendants' obligation to pay the minimum wage required by the FLSA.  The salary effectively

resulted in an hourly wage that was below $5.00 per hour.  In fact, many Plaintiff and Collective Action Members received hourly wages of approximately $4.38 per hour.

49.     The monthly salary or the monthly salary paid in the time interval of every-two weeks by Defendants to Plaintiff and Collective Action Members was insufficient to satisfy Defendants' obligation to pay the minimum wage required by the New York Labor Law.

## Overtime

50.     The FLSA and New York Labor Law require that Defendants pay an overtime rate of one-and-a-half times the regular rate of pay for each hour of work over forty hours a week.  29 U.S.C. § 207; 12 N.Y.C.R.R. § 137-1.3.

51.     Plaintiff and Collective Action Members regularly worked more than 51.50 hours each week during most or all of their employment.

52.     Despite the fact that Plaintiff and Collective Action Members regularly worked in excess of forty hours a week, Defendants failed to pay Plaintiff and Collective Action Members overtime compensation as required by both the FLSA and New York Labor Law.

## Spread of Hours

53.     The "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for the day.  12 N.Y.C.R.R. § 137-3.11.  New York State Department of Labor Regulation § 137-1.7 provides that an employer is required to pay an employee an extra hour of pay at the full minimum wage, without allowances, for each day in which the employee's spread of hours exceeds ten.  *Id.* at § 137-1.7.

54.     Plaintiff and Collective Action Members routinely worked a "spread of hours" greater than ten hours per day.

55.     Despite the fact that Plaintiff and Collective Action Members routinely worked a "spread of hours" greater than ten hours per day, Defendants did not pay Plaintiff and Collective Action Members any additional compensation as required by New York State regulations.

### Unlawful Deductions

56.     New York Labor Law prohibits employers from making any deductions from an employee's wages except for those permitted by law.  N.Y.Lab. Law § 193(1).  Deductions for employer cash shortages and losses are prohibited deductions under New York Labor Law.  12 N.Y.C.R.R. § 137-2.5.

57.     During the course of a shift or working day, Plaintiff and Collective Action Members were required to give 12.5% of their tips to Defendants to cover the on-line food order systems' fees and charges and 6.25% of their tips to Defendants to cover the credit card companies' fees and charges.

### Lack of Reimbursement

58.     The FLSA and New York Labor Law prohibit employers from requiring minimum wage employees to purchase the tools of their trade or give any money back to their employers.  29 U.S.C. § 201 *et seq.*; 29 C.F.R. § 531.35; 12 N.Y.C.R.R. § 137-2.5(b).

59.     All Plaintiff and Collective Action Members worked as deliverymen were required to provide bicycles to make deliveries.  Plaintiff and Collective Action Members worked as deliverymen were also required to maintain them during their course of employment with the Defendants.

60.     All Plaintiff and Collective Action Members worked as deliverymen as a result of irreparable damage or robbery or accident, had to fully replace their bicycles on multiple occasions.

61.     Defendants never supplied Plaintiff and Collective Action Members worked as deliverymen with bicycles, nor did they reimburse those Plaintiff and Collective Action Members for any maintenance or replacement costs.

### Failure to Post the Notices Required by Law

62.     The FLSA requires employers to inform employees of the FLSA's wage provisions, including the manner in which the wage for a tipped employee is determined.   29 U.S.C. § 203(m).  The FLSA and New York Labor Law also requires an employer to maintain in the workplace a display containing notices in Chinese language of employees' right to receive the minimum wage and overtime rate of one-and-a-half times their regular rate.   29 C.F.R. § 516.4; 12 N.Y.C.R.R. § 137-2.3.

63.     During the time that Plaintiff and Collective Action Members were employed by Defendants, Defendants did not maintain in the workplace a display containing notices in Chinese language of employees' right to receive the minimum wage and overtime payment at a rate of one-and-a-half times their regular rate.

64.     Additionally, Defendants failed to display a copy of §§ 193 and 196-d of New York Labor Law regarding the prohibition on illegal deductions from wages and the illegality of employers demanding or accepting any portion of employees' tips in violation of New York Labor Law.  N.Y.Lab. Law § 198-d.

65.     Finally, Defendants failed to keep full and accurate, and to certain extent manipulated, records of Plaintiffs and Collective Action Members' hours and wages in violation of the FLSA and New York Labor Law.  29 U.S.C. § 211(c); N.Y.Lab. Law § 661.

## Knowing and Intentional Acts

66.     At all relevant times, Defendants knowingly, intentionally and willfully committed the acts alleged herein.

67.     At all relevant times, Defendants knowingly and willfully operated their business with a policy and practice of not paying either the FLSA overtime rate (of time and one half) or the New York State overtime rate (of time and one-half) to Plaintiff and Collective Action Members for work performed over forty (40) hours in a work week.

68.     At all relevant times, Defendants knew that the nonpayment of minimum wage, overtime pay and spread-of-hours pay would financially injure Plaintiff and Collective Action Members.

69.     At all relevant times, Defendants knowingly and intentionally took unlawful deductions from Plaintiff and Collective Action Members and knowingly and intentionally required Plaintiff and Collective Action Members to provide and maintain tools of the trade.

## STATEMENT OF CLAIMS

## COUNT 1

**[Claim for Minimum Wages under the FLSA, 29 U.S.C. §§ 201, *et seq.*]**

70.     Plaintiff and Collective Action Members reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

71.     At all relevant times, upon information and belief, Defendants were and continue to be the Plaintiff and Collective Action Members' employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

72.     At all relevant times, upon information and belief, Defendants were and continue to be the Plaintiff and Collective Action Members' employers engaged in interstate commerce

and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

73.    Plaintiff and Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

74.    Plaintiff and Collective Action Members are entitled to be paid at the rate of minimum wages for their hours worked at and within 40 hours per week.

75.    Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff and Collective Action Members the applicable federal minimum wages for each hour worked, in violation of 29 U.S.C. § 206(a).

76.    At all relevant times, upon information and belief, Defendants had a policy and practice of refusing minimum wages at the applicable federal statutory rate of time to Plaintiff and Collective Action Members.

77.    Defendants also willfully required Plaintiff and Collective Action Members to provide bicycles for the Plaintiffs' work.  The cost of providing these tools further reduced the Plaintiffs' wages below the applicable federal minimum hourly wage in violation of the FLSA, 29 U.S.C. § 206(a), and applicable regulations, specifically 29 C.F.R. § 531.35.

78.    Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional.

79.    Upon information and belief, Defendants failed to make, keep, and preserve records and even manipulate time records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

80.     Alternatively, records, if any, concerning the number of hours worked by Plaintiff and Collective Action Members and the actual compensation paid to Plaintiffs are in the possession and custody of Defendants.  Plaintiff and Collective Action Members intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

81.     Due to the Defendants' FLSA violations, Plaintiff and Collective Action Members are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and as a direct and proximate result of the Defendants' willful disregard of the FLSA, Plaintiff and Collective Action Members are entitled to the equal amount of the unpaid minimum wages in the form of the liquidated damages pursuant to the FLSA, plus the prejudgment interest thereon, all in an amount to be determined at trial.

82.     Plaintiff and Collective Action Members are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## COUNT 2

### [Claim for Minimum Wages under the New York Labor Law]

83.     Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

84.     At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law §§ 2(6), 190(3), and 651(6).

85.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2(5) and 651(5).

86.     Defendants willfully failed to record, credit, or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law § 652 and applicable regulations.

87.     Defendants also willfully required Plaintiffs to provide bicycles for their work and pay expenses incurred while carrying out duties assigned by Defendants, in violation of 12 N.Y.C.R.R. § 137-2.5.   The costs and expenses paid by these Plaintiffs further reduced the hourly wages that they were paid.

88.     Defendants failed to properly disclose or apprise Plaintiffs of their rights under the New York Labor Law.

89.     Defendants failed to furnish Plaintiffs with a statement with every payment of wages listing gross wages, deductions, and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

90.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

91.     Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

92.     Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and as a direct and proximate result of the Defendants' willful disregard of the New York Labor Law, Plaintiffs are entitled to the liquidated damages and civil penalties pursuant to New York Labor Law § 663(1),

and the New York State Wage Theft Prevention Act, plus the prejudgment interest thereon, all in an amount to be determined at trial.

93.     Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to New York Labor Law § 663(1), *et al.,* and § 198, all in an amount to be determined at trial.

## COUNT 3

**[Claim for Overtime Wages under the FLSA, 29 U.S.C. §§ 201,** *et seq.***]**

94.     Plaintiff and Collective Action Members reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

95.     Throughout the statute of limitations period covered by these claims, Plaintiff and Collective Action Members regularly worked in excess of forty (40) hours per workweek.

96.     At all relevant times, upon information and belief, Defendants had a policy and practice of willfully failing and refusing to pay Plaintiff and Collective Action Members one and one-half times of their regular rate of pay or, at a minimum, the minimum wages to which Plaintiff and Collective Action Members were entitled under 29 U.S.C. § 206(a), for work in excess of forty (40) hours per workweek, in violation of 29 U.S.C. § 207(a)(1).

97.     At all relevant times, upon information and belief, Defendants failed to make, keep, and preserve records as required by the FLSA, and even manipulate time records in violation of the FLSA, even though Plaintiffs and Collective Action Members have been and are entitled to overtime.

98.     At all relevant time, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and Collective Action Members at the required overtime rates, one and one-half times

of the applicable federal minimum wages for hours worked in excess of forty (40) hours per workweek, in violation of 29 U.S.C. § 207(a)(1).

99.     Due to the Defendants' FLSA violations, Plaintiff and Collective Action Members are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and as a direct and proximate result of the Defendants' willful disregard of the FLSA, Plaintiff and Collective Action Members are entitled to the equal amount of the unpaid overtime wages in the form of the liquidated damages pursuant to the FLSA, plus the prejudgment interest thereon, all in an amount to be determined at trial.

100.     Plaintiff and Collective Action Members are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## COUNT 4

### [Claim for Overtime Wages under the New York Labor Law]

101.     Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

102.     Throughout the statute of limitations period covered by these claims, Plaintiffs regularly worked in excess of forty (40) hours per workweek.

103.     It is unlawful under New York Labor Law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

104.     Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rare of one and one-half times of their regular rate of

pay or, at a minimum, the minimum wage to which Plaintiff were entitled to receive under New York Labor Law § 652, in violation of 12 N.Y.C.R.R. § 137-1.3.

105.    Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and as a direct and proximate result of the Defendants' willful disregard of the New York Labor Law, Plaintiffs are entitled to the liquidated damages and civil penalties pursuant to New York Labor Law § 663(1), and the New York State Wage Theft Prevention Act, plus the prejudgment interest thereon, all in an amount to be determined at trial.

106.    Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to New York Labor Law § 663(1), *et al.,* and § 198, all in an amount to be determined at trial.

## COUNT 5

**[Illegal Pay Deductions and Deductions from Gratuities,
New York Labor Law §§ 196-d and 198-b]**

107.    Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

108.    Defendants retained portions of the Plaintiffs' tips to cover their operations' costs.

109.    Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, the liquidated damages and civil penalties pursuant to New York Labor Law § 663(1), and the New York State Wage Theft Prevention Act, plus the prejudgment interest thereon, all in an amount to be determined at trial.

110.    Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to New York Labor Law § 663(1), *et al.,* and § 198, all in an amount to be determined at trial.

## COUNT 6

### [Unjust Enrichment]

111.     Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

112.     Defendants have been enriched by the value of the Plaintiffs' purchase and maintenance of bicycles used to deliver food to restaurant customers.

113.     Defendants have been enriched by the value of the Plaintiffs' payment of expenses incurred in the course of their required duties for Defendants.

114.     The enrichment was at the Plaintiffs' expense because Plaintiffs had to pay for these items and expenses that were required by Defendants and for the Defendants' benefit.

115.     The circumstances were such that equity and good conscience require Defendants to pay Plaintiffs for all the costs they incurred in the purchase and maintenance of the bicycles used for restaurant purposes and the expenses they incurred in the course of completing their required duties for Defendants.

116.     Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs, all in an amount to be determined at trial.

## COUNT 7

### [New York Spread of Hours Provisions, New York Labor Law §§ 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, § 137-1.7]

117.     Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

118.     Plaintiffs regularly worked in the spread hours more than 11 hours in a workday.

119.     Defendants willfully failed and intentionally failed to compensate Plaintiffs one hour's pay at the basic New York minimum hourly wage rate, as required by New York Labor Law.

120.     Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid "Spread of Hours" wages and as a direct and proximate result of the Defendants' willful disregard of the New York Labor Law, Plaintiffs are entitled to the liquidated damages and civil penalties pursuant to New York Labor Law § 663(1), and the New York State Wage Theft Prevention Act, plus the prejudgment interest thereon, all in an amount to be determined at trial.

121.     Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to New York Labor Law § 663(1), *et al.,* and § 198, all in an amount to be determined at trial.

## TOLLING OF STATUTE OF LIMITATIONS

122.     On the ground of equitable tolling, the statutes of limitations for minimum wage and overtime claims asserted by Plaintiff should be tolled until they first became sufficiently aware of their rights to receive minimum wage and overtime under the Fair Labor Standards Act in the middle of September, 2014.

123.     On the ground of equitable tolling, the statutes of limitations of minimum wage and overtime claims asserted by Plaintiff and Collective Action Members shall be tolled to cover the Plaintiff and Collective Action Members' entire employment periods when they were employed by Defendants due to the Defendants' willful and intentional violations of the FLSA and NYLL as well as the Defendants' failure to provide the FLSA and the NYLL mandatory notices to Plaintiff and Collective Action Members and the Defendants' deceitful actions to

prevent Plaintiff and Collective Action Members from knowing their rights afforded to them by the FLSA and the NYLL.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff and Collective Action Members respectfully prays for relief as follows:

(a)     An award of unpaid minimum wages due under the FLSA, New York Minimum Wage Act, and New York Labor Law and its regulations;

(b)     An award of unpaid overtimes wages due under the FLSA New York Minimum Wage Act, and New York Labor Law and its regulations;

(c)     An award of liquidated damages as a result of the Defendants' willful failure to pay minimum wages and overtimes wages pursuant to 29 U.S.C. § 216;

(d)     An award of liquidated damages as a result of the Defendants' willful failure to pay minimum wages and overtime wages pursuant to the New York Labor Law;

(e)     An award of liquidated damages and/or civil penalties for the Defendants' failure to pay minimum wages pursuant to the Wage Theft Prevention Act.

(f)     An award of liquidated damages and/or civil penalties for the Defendants' failure to pay overtime wages pursuant to the Wage Theft Prevention Act;

(g)     Award Plaintiffs additional pay for all spread of hours violations;

(h)     An award equitably tolling the statute of limitation period;

(i)     An award of prejudgment and post-judgment interest;

(j)     An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and

(k)     Such other and further relief as this Court deems just, proper, and equitable.

## <u>JURY DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and Collective

Action Members demands trial by Jury on all issues.

Dated: Flushing, New York
   September 19, 2014

       Respectfully submitted,

       **LAW OFFICES OF DAVID YAN**

    By: <u> /David Yan/      </u>
       David Yan (DY2343)
       Law Offices of David Yan
       136-20 38th Avenue, Suite 11E
       Flushing, New York 11354
       Tel:  (718) 888-7788

       *Attorney for Plaintiffs*